UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KARA STEVENSON,<br><br>Plaintiff,<br><br>v.<br><br>FISHER'S DOCUMENT SYSTEMS, INC., dba FISHER'S TECHNOLOGY, dba FISHER'S OFFICE EQUIPMENT,<br><br>Defendant. | Case No. 1:25-cv-00403-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff Kara Stevenson, who suffers from a degenerative spine condition, filed suit against her former employer, alleging that it fired her because of her disability. *See* Compl. (Dkt. 1-3). Her former employer, Defendant Fisher's Document Systems, Inc., doing business as Fisher's Technology, and as Fisher's Office Equipment ("Fisher's"), moves the Court to exclude the report and testimony of Stevenson's rebuttal expert witness Britani Bowles, MRC, CRC, CIWCS. (Dkt. 22).

Fisher's filed its motion on August 26, 2026. *See id.* Stevenson's deadline to

file a response was September 16, 2026. *See* Docket Entry 22 ("Responses due by 9/16/26[.]"). As of the time of entry of this order, Stevenson's counsel has not filed a response. Nor has he moved for an extension of time or otherwise addressed this motion.

For the reasons explained below, the motion is granted.

## BACKGROUND

Fisher's memorandum provides a detailed recounting of the facts pertinent to this motion. *See* Def.'s Mem. in Supp. of Mot. to Exclude (Dkt. 22-1 at 3-7). Sufficient for the Court's purposes here is that Fisher's served its first set of interrogatories and production requests in October 2025. Def.'s First Set of Interrogs. and Reqs. for Produc. (Dkt. 22-2 at 6-20). Fisher's sought the production of medical records, doctor's notes, and medical provider communications regarding work restrictions and ability to perform job duties. *Id*. at 16, 18. It also requested all documents supporting Stevenson's claimed damages, and records related to diagnoses of medical conditions that constituted a disability under the Americans with Disabilities Act or that Stevenson claims to be a substantial limitation on major life activities. *Id*.

Stevenson responded in December of 2025, and the only document she produced was a Verification of Physical or Mental Impairment form signed by her

health care provider. Decl. of Chynna K. Castoro in Supp. of Mot. to Exclude ¶ 7 (Dkt. 22-2 at 2); *see* Decl. of LeeAnn Hawk in Supp. of Mot. for Summ. J., Ex. C (Dkt. 15-15). The form listed the conditions she had diagnosed Stevenson with, the limiting effect upon major life activities caused by those conditions, and suggested accommodations. Decl. of LeeAnn Hawk, Ex. C (Dkt. 15-15). Fisher's asserts that, as of August 26, 2026, when it filed this motion, no other documents related to Stevenson's medical condition had been produced. Decl. of Chynna K. Castoro ¶ 13 (Dkt. 22-2 at 3).

In July 2026, Fisher's disclosed John M. Janzen, EdD, CRC as a retained expert. Def.'s Expert Witness Disclosure (Dkt. 22-2 at 116). Dr. Janzen's report stated:

> [w]ith respect to the physical and cognitive limitations reported for Ms. Stevenson, more specific information on her restrictions relative to completion of duties identified on the account manager job description is necessary. Physically, the records reviewed reveal no indication of a functional capacity evaluation (FCE) or an assessment of her daily activities in determining her retained functional abilities. Cognitively, there is no evidence of cognitive or neuropsychological testing to validate her difficulty with thinking, reading, or concentrating.

*Id*. at 130-31.

On August 19, 2026, Stevenson disclosed her rebuttal experts. Pl.'s Disclosure of Rebuttal Expert Witnesses (Dkt. 22-2 at 189-209). One expert she disclosed was Britani Bowles, MRC, CRC, CIWCS. *Id*. at 190. Ms. Bowles,

addressing Dr. Janzen's report, wrote:

> In my opinion, Dr. Janzen did not have access to necessary information from medical experts that would provide a basis for his opinions. Below I discuss my opinions regarding the Janzen report in more detail.
>
> . . .
>
> Dr. Janzen states that, with respect to the physical and cognitive limitations reported for Ms. Stevenson, more specific information regarding her restrictions and limitations relative to the duties and essential functions required of an account manager is necessary[.] I agree with this statement. Dr. Janzen acknowledges that there is not enough information available to provide an accurate vocational analysis. Medical testimony and opinions have not been made available; therefore, it is unclear what restrictions Ms. Stevenson may be experiencing. However, Dr. Janzen continues to provide an opinion that Ms. Stevenson has not sustained a loss of earning capacity or a reduction in wages as a result of her termination from Fisher's[.] This is speculative and unsupported due to the lack of medical testimony in this case.
>
> When considering whether Ms. Stevenson has in fact sustained a loss of earning capacity or a reduction of wages as a result of the alleged wrong, I do not have an opinion. As previously explained, there is not enough information provided in order for me to form an opinion.
>
> . . .
>
> When considering Ms. Stevenson's current labor market access, I do not have an opinion regarding her viable labor market. There is not enough information and opinions from medical experts provided to me that would allow me to formulate an opinion.

*Id*. at 200-02 (footnotes omitted).

## ANALYSIS

The Federal Rules of Civil Procedure require that a party supplement its production if the party learns that it is incomplete or incorrect in some material

respect. Fed. R. Civ. P. 26(e)(1)(A). If a party fails to comply with Rule 26(e), that party is subject to sanctions under Rule 37(c)(1). "Rule 37(c)(1) is an 'automatic' sanction that prohibits the use of improperly disclosed evidence." *Merchant v. Corizon Health, Inc.*, 993 F.3d 773, 740 (9th Cir. 2021) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). It is automatic "in the sense that a district court *may* properly impose an exclusion sanction where a noncompliant party has failed to show that the discovery violation was either substantially justified or harmless." *Id.* (emphasis original).

Stevenson failed to disclose or produce the relevant records and documents, despite stating in her responses to Fisher's interrogatories that she would "provide the requested upon entry of an appropriate protective order." Pl.'s Resp. to Def.'s First Set of Interrogs. and Produc. ¶ 17 (Dkt. 22-2 at 43-44). The Court entered a protective order on May 11, 2026.[1] (Dkt. 14).

Dr. Janzen prepared his report without the information that would have been acquired by Stevenson's production of the pertinent materials. Ms. Bowles now uses that lack of information to criticize his conclusions—though she also

---

[1] As noted by Fisher's, its counsel also provided Stevenson's counsel with a draft protective order and stipulation for entry the day after it propounded its discovery packet. Dkt. 22-2, Ex. B at 22-23.

acknowledges that she herself cannot form opinions due to the same lack of information. Pl.'s Disclosure of Rebuttal Expert Witnesses, Ex. 4 (Dkt. 22-2 at 200-02). Fisher's would be prejudiced by allowing Stevenson to use Ms. Bowles' testimony and report to attack the limitations in Dr. Janzen's report that result from Stevenson's own failure to produce the necessary information.

Stevenson did not respond to Fisher's motion, and therefore the Court cannot even hazard a guess as to why she failed to supplement her production. Nor can the Court conjure any explanation as to why the failure to supplement was substantially justified or harmless.[2] Because Ms. Bowles' report uses the evidentiary gap created by Stevenson as its primary criticism of Dr. Janzen's report, exclusion is an appropriate sanction under Rule 37(c)(1)(C).

The Court therefore excludes Ms. Bowles' report and testimony under Rules 37(c)(1)(C) and 37(b)(2)(A)(ii).

## ORDER

**IT IS ORDERED that** Defendant's Motion to Exclude Rebuttal Report and Testimony of Britani Bowles, MRC, CRC, CIWCS (Dkt. 22) is **GRANTED**.

---

[2] Though, of course, that would be only an academic exercise, as Stevenson is the one responsible for proving that the discovery violations were substantially justified or harmless. *Merchant*, 993 F.3d at 740.

DATED: October 26, 2026

B. Lynn Winmill
U.S. District Court Judge